Henry A. Hoerlein, E. A. Hoerlein, Benjamin A. Hoerlein, The Hoerlein Carpet Cleaning & Upholstering Co. v. Kate E. P. Roberts.

1. FRAUD—*Proper Conclusions.*—The court holds in this case that the findings in the decree are conclusive; that the whole transaction was a fraudulent one from inception to conclusion, as against the complainant, and affirms the decree.

Creditor's Bill.—Trial in the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge, presiding. Decree for complainant; appeal by defendant. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed May 26, 1899.

Hoerlein v. Roberts.

Frank A. Moore, attorney for appellants.

Bulkley, Gray & More, attorneys for appellee.

Mr. Justice Shepard delivered the opinion of the court.

This is a creditor's bill based upon two judgments at law in favor of the appellee against the appellant Henry A. Hoerlein. The specific aim of the bill is to reach and subject to the satisfaction of said judgments, certain property which, shortly before the judgments were recovered, belonged to the judgment debtor, Henry A. Hoerlein.

The bill alleges that Henry A. Hoerlein was, prior to April, 1896, in the carpet cleaning and upholstering business, in his own name; that in the course of conducting said business the indebtedness upon which said judgments were recovered, arose, and that he, with the sole intent of defrauding his creditors, among whom was the appellee, entered into a scheme with his wife and his brother to incorporate the "Hoerlein Carpet Cleaning & Upholstering Company," with a capital stock of $2,500; that to effectuate such corporation he subscribed for twenty-three shares, his wife for one share and his brother for one share, at $100 per share, and such corporation was formed, and the business formerly conducted in the name of said Henry A. Hoerlein was thereafter transferred to and carried on in the name of such corporation, but under his management and control, the same as before the formation of said corporation.

The judgments in question were severally recovered in June and July, 1896, upon an indebtedness for rent which began to accrue in December, 1895, under a lease of the premises in which Henry A. Hoerlein conducted his said business.

The corporation was formed in April, 1896, and to it Henry A. Hoerlein, the judgment debtor, transferred by bill of sale all the tangible property and assets previously used by him in said business, and some accounts receivable, in payment of the entire capital stock, except as to $100, which the brother of the judgment debtor paid in, in money.

Henry A. Hoerlein was made general manager, his wife was made secretary and treasurer, and his brother Benjamin, a restaurant keeper in another part of the city, who had never been connected with the business, was made president of the corporation.

The next day after the corporation was formed, the twenty-three shares of stock subscribed for and issued to said Henry A. Hoerlein were turned over to his wife and new shares in place thereof issued to her, and one share issued over again to him.

The claim by appellant is, that the stock was transferred to the wife in consideration of a pre-existing *bona fide* indebtedness owing to her by the judgment debtor, Henry A. Hoerlein, her husband.

The decree of the Circuit Court is in conformity to the prayer of the bill, and directs that if the amount of the judgments in question is not paid within five days, the receiver theretofore appointed shall sell the property transferred by the judgment debtor to the corporation, and apply the proceeds, after deducting his just expenses, etc., to paying back to Benjamin A. Hoerlein the $100 paid for his stock, and then satisfy appellee's judgment, etc.

The case involves no questions of law that are not simple and well understood, if the facts have been properly established.

The only witnesses upon the main question were the judgment debtor, Henry A. Hoerlein, and his wife, E. A. Hoerlein. They were examined at full length by counsel and by the court, and all the facts of the entire transaction were elicited. We have examined their testimony with most careful attention, and entertain no doubt that the trial court reached a just conclusion. The findings in the decree are conclusive that the whole transaction was a fraudulent one from inception to conclusion, as against the appellee, and being sustained by the evidence, we will not disturb the decree. Affirmed.